IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DAVID O'BRYAN REDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 115-195 |
| ) | |
| MAJOR JOHN BUSH, JR., Jail ) | |
| Administrator, Burke County Jail ) | |
| and SGT. JACQUELINE BUSH, ) | |
| Shift Booking Desk Supervisor, Burke ) | |
| County Jail ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Macon State Prison in Oglethorpe, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events that occurred at the Burke County Jail. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

Plaintiff names as Defendants (1) Major John Bush, Jr., administrator at the Burke County Jail, and (2) Sergeant Jacqueline Bush, booking desk supervisor at the Burke County Jail. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 3, 2014, Sergeant Jacqueline Bush placed Plaintiff in a restraining chair and beat him. (Doc. no. 1, p. 5.) Major John Bush, Sergeant Bush's brother, then threatened to kill Plaintiff. (Id.) Jamie Shawn Chambers and Perry Smith, two other inmates, witnessed this incident. (Id.) After writing a letter to Larry Lewis, Chief at the Burke County Sheriff's Department, about the incident, Georgia Bureau of Investigation Agent Woody Boyd interviewed Plaintiff. (Id.) Agent Boyd also took pictures of Plaintiff's injuries, and Plaintiff has subsequently received surgery due to the incident. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants for Exoneration and Release, and Plaintiff Has No Entitlement to an Arrest Warrant.

In his requested relief, Plaintiff asks to be "issued an early release from my incarceration so as to receive the proper medical attention for my injuries" and for the "court to exonerate me of all actions pertaining to the charges, so as to not have any future confrontations with the defendants." (Doc. no. 1, p. 4.) Plaintiff also requests for a warrant to be issued to both Defendants for assault and terroristic threats. (Id.)

Plaintiff's claims for exoneration and release are improper in an action under 42 U.S.C.

3

§ 1983. The proper vehicle for seeking such relief is pursuant to a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 479 (1973). Furthermore, Plaintiff's claims against Defendants for threatening and beating him appear unrelated to his later conviction, and the relief he seeks is wholly detached from the facts at issue. Because Plaintiff is currently in state prison pursuant to a conviction, the state is obligated to provide a certain level of medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 103 (1976). In addition, because Plaintiff is now incarcerated at Macon State Prison, he will not have further contact with Defendants if he is not exonerated. Finally, Plaintiff cites no authority as a basis for this Court to issue a warrant in a civil case, and the Court is aware of none. In fact, only damages and injunctive relief are allowed under § 1983. 42 U.S.C. § 1983; See Gwin v. Snow, 870 F.2d 616, 621 (11th Cir. 1989). Therefore, Plaintiff's claims for relief excluding his request for compensatory damages are without merit and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for exoneration, release, and an arrest warrant be **DISMISSED**. In a companion Order, the Court has allowed Plaintiff's claims for excessive force and death threats to proceed.

SO REPORTED and RECOMMENDED this 20th day of May, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA